UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RANDALL SCOTT BLY     ]
    Plaintiff,        ]
                      ]
v.                    ]     No. 3:09-0796
                      ]     Judge Echols
TRUMAN JONES, et al.  ]
    Defendants.       ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Truman Jones, Sheriff of Rutherford County, and Dr. Rudd, a physician at the facility, seeking injunctive relief and damages.

On June 20, 2009, the plaintiff slipped and fell while getting out of the shower. He alleges that "I still have a bulging disc in my lower back which no one is doing anything about." (Docket Entry No. 1 at 5).

This action is being brought against the defendants in their official capacities only. As such, the plaintiff is suing the defendants' official office rather than the individuals themselves. Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). In essence, then, the plaintiff's claims are against

Rutherford County, the municipal entity that operates the Detention Center. *See* Kentucky v. Graham, 105 S.Ct. 3099, 3105 (1985).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Rutherford County or its agent, the Rutherford County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Rutherford County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Rutherford County that required a delay or denial of medical care. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order will be entered.

                                        Robert L. Echols
                                        United States District Judge